United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM VASQUEZ ROSAS,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-05374-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

This matter is before the Court on Petitioner Abraham Vasquez Rosas' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, in which he argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without the opportunity for release on bond violates his Fifth Amendment right to due process. *See* Dkt. No. 1 at 2; Dkt. No. 10 at 9. Respondents oppose relief, arguing that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A). Dkt. No. 9 at 2–3. For the reasons set forth below, the Court grants the petition in part, and orders the Government to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen days.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States approximately twenty-six years ago without being inspected by immigration authorities. *See* Dkt. No. 1 at 2. It appears he has not previously sought immigration relief or been detained by ICE prior to his most recent detention.

Between 2001 and 2019, Petitioner had several interactions with law enforcement, including convictions for use of a deadly weapon and false imprisonment. Dkt. No. 9-2 at 5. His most recent conviction—according to Respondents—was for assault with a deadly weapon under

Cal. Penal Code § 245(a)(1) on June 18, 2019. *See* Dkt. No. 9-1 at 3.

Petitioner was arrested by ICE on April 28, 2026. Based on Respondents' records, ICE was looking for a different individual that day, and Petitioner was a passenger inside the car of ICE's target. *Id*. at 2. After inquiring into Petitioner's legal status, ICE detained Petitioner in addition to the target of the traffic stop. *Id*. That same day, Petitioner was served with a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States who has not been admitted or paroled," and placing him in removal proceedings. Dkt. No. 9-3 at 1. The instant petition seeking a bond hearing followed.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he is entitled for consideration for release on bond under 8 U.S.C. § 1226(a) and that failure to provide such a hearing violates his right to due process. *See* Dkt. No. 10 at 3–4, 10. Respondents oppose relief, arguing that Petitioner is subject to mandatory detention under § 1226(c)(1)(A) because of his conviction for assault under Cal. Penal Code § 245(a)(1). Dkt. No. 9 at 2. For the reasons that follow, the Court finds that Respondents are incorrect, and that Petitioner is entitled to a bond hearing under § 1226(a).

Section 1226(c)(1)(A) states the "Attorney General shall take into custody any [noncitizen]

who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Though Petitioner was purportedly convicted of assault in 2019, Respondents have not demonstrated that Petitioner was detained pursuant to § 1226(c)(1)(A). "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). As such, "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where [DHS] [ ] has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026); *see also Miao v. Chestnut,* No. 1:26-CV-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026). In other words, where the NTA placing the non-citizen in removal proceedings "failed to charge or notify a detainee of an offense covered by § 1182(a)(2)" as a reason for inadmissibility, "§ 1226(c)(1)(A) does not govern their detention." *S.G.*, 2026 WL 2475525, at *2.

Here, Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. *See* Dkt. No. 9-3 at 1. The NTA submitted by Respondents does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference his criminal record. As such, Respondents have failed to show that § 1226(c)(1)(A) controls Petitioner's detention. Accordingly, the Court agrees with Petitioner that his detention is controlled by § 1226(a) which applies to noncitizens "present without admission who are apprehended in the interior of the United States." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). This provision entitles Petitioner to a bond hearing.

United States District Court
Eastern District of California

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Noël Wise
United States District Judge